1  MARY KATE SULLIVAN (State Bar No. 180203)
   LASZLO LADI (State Bar No. 265564)
2  ll@severson.com
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, California 94111
   Telephone: (415) 398-3344
5  Facsimile: (415) 956-0439

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
7

8

9                       UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

11

12 | HOJAT SEYED HOSSEINI,                         | Case No. CV13-2066-DMR |
   |                                               |                        |
13 |         Plaintiff,                            | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
14 |     vs.                                       |                        |
15 | WELLS FARGO BANK, N.A., and DOES 1 through 100, inclusive, | Date:    August 8, 2013 |
   |                                               | Time:    11:00 a.m.    |
16 |                                               | Dept.:   Courtroom 4 – 3rd Floor |
17 |         Defendants.                           |                        |

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD ............................................................................................................ 1

III. STATEMENT OF FACTS..................................................................................................... 2

IV. ARGUMENT ......................................................................................................................... 3

    A. Plaintiff's First Three Causes of Action Fail Because He is Not a Borrower............ 3

    B. Plaintiff's First and Second Causes of Action Also Fail Because Plaintiff Cannot Challenge the Authority to Foreclose and Because Plaintiff Admits Wells Fargo is the Servicer. ....................................................................................... 4

        1. Plaintiff Has No General Right to Challenge the Authority to Foreclose. ................................................................................................... 4

        2. Here, Plaintiff Admits Wells Fargo is the Servicer..................................... 6

        3. The HBOR Does Not Apply Retroactively.................................................. 6

    C. Plaintiff's Fourth Cause of Action for Fraud Fails Because it Lacks Specificity and Plaintiff Has and Cannot Allege Reliance or Damages Relating to the Assignment. ......................................................................................... 7

        1. Plaintiff's Claim Lack Specificity................................................................ 7

        2. Plaintiff Has Not Pled Misrepresentation Directed at Him.......................... 8

        3. Plaintiff Has Not and Cannot Plead Reliance or Damages. ......................... 8

    D. Plaintiff's Fifth Cause of Action for Promissory Estoppel Does Not Plead a Clear and Unambiguous Promise................................................................................ 9

    E. Plaintiff's Sixth Cause of Action for Negligent Misrepresentation Fails Because it is Not Pled with Any Particularity......................................................... 10

    F. Plaintiff Has Not Pled Any Underlying Statutory Violations to Support His Seventh Cause of Action for Negligence Per Se and No Duty Exists Otherwise. ................................................................................................................ 11

    G. Plaintiff Is Not Entitled to Restitution and Hasn't Pled Predicate Misconduct to Support His Eighth Cause of Action for Violations of Business & Professions Code Section 17200............................................................ 12

        1. Plaintiff Has No Standing Because He Is Not Entitled to Restitution. ....... 12

        2. Plaintiff's Cause of Action Fails Under All Three Prongs......................... 13

V. CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir.1990) .................................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 1

*Buckland v. Threshold Enterprises, Ltd.*,
  155 Cal.App.4th 798 (2007) ................................................................................................... 12

*Cadlo v. Owens–Illinois, Inc.*,
  125 Cal.App.4th 513 (2004) ................................................................................................... 10

*Calvo v. HSBC Bank USA, N.A.*,
  199 Cal.App.4th 118 (2011) ................................................................................................. 5, 8

*Castaneda v. Saxon Mortg. Servs.*,
  687 F.Supp.2d 1191 (E.D.Ca. 2009) ...................................................................................... 11

*Church of Scientology of Cal. v. Flynn*,
  744 F.2d 694 (9th Cir.1984) .................................................................................................... 2

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir.1994) ...................................................................................................... 2

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir.1987) .................................................................................................. 2

*Evangelatos v. Superior Court*,
  44 Cal.3d 1188 (1988) ............................................................................................................. 7

*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*,
  210 F.3d 983 (9th Cir. 2000) ................................................................................................. 11

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (2011) ..................................................................................................... 8

*Garcia v. World Sav., FSB*,
  183 Cal.App.4th 1031 (2010) ................................................................................................... 9

*Glenn K. Jackson Inc. v. Roe*,
  273 F.3d 1192 (9th Cir. 2001) ............................................................................................... 13

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal.App.4th 1149 (2011) ............................................................................................... 4, 5

*In re Glenfed, Inc. Sec. Litig.*,
 42 F.3d 1541 (9th Cir. 1994) .................................................................................................. 10

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (2009) .............................................................................................................. 13

*Khoury v. Maly's of Calif., Inc.*,
 14 Cal.App.4th 612 (1993) ............................................................................................... 12, 13

*Krantz v. BT Visual Images, L.L.C.*,
 89 Cal.App.4th 164 (2001) ...................................................................................................... 13

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
 940 F.2d 397 (9th Cir. 1991) ..................................................................................................... 7

*Landgraf v. USI Film Products*,
 511 U.S. 244 (1994) .................................................................................................................. 6

*Lane v. Vitek Real Estate Industries Group*,
 713 F.Supp.2d 1092 (E.D. Cal. 2010) ...................................................................................... 4

*Lazar v. Superior Court*,
 12 Cal.4th 631 (1996) ................................................................................................................ 7

*Lopez v. GMAC Mortgage Corp.*,
 2007 WL 3232448 (N.D. Cal. 2007) ......................................................................................... 7

*Lozano v. AT&T Wireless Serv. Inc.*,
 504 F.3d 718 (9th Cir. 2007) ................................................................................................... 13

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) .................................................................................................................. 2

*Mack v. South Bay Beer Distributors*,
 798 F.2d 1279 (9th Cir.1986) ................................................................................................... 2

*McKell v. Washington Mutual, Inc.*,
 142 Cal.App.4th 1457 (2006) .................................................................................................... 9

*Mendoza v. City of Los Angeles*,
 66 Cal.App.4th 1333 (1998) .................................................................................................... 11

*Mirkin v. Wasserman*,
 5 Cal.4th 1082 (1993) ............................................................................................................. 13

*Moeller v. Lien*,
 25 Cal.App.4th 822 (1994) ....................................................................................................... 4

*Morris v. BMW of N. Am., LLC*,
 2007 WL 3342612 (N.D. Cal. 2007) ....................................................................................... 10

*Mullis v. U.S. Bankr. Ct.*,
   828 F.2d 1385 (9th Cir.1987) .................................................................................................. 2

*Nymark v. Heart Fed. Savings & Loan Assn.*,
   231 Cal.App. 3d 1089 (1991) ................................................................................................ 11

*Parks Sch. of Bus., Inc. v. Symington*,
   51 F.3d 1480 (9th Cir.1995) .................................................................................................... 2

*People v. Duz-Mor Diagnostic Lab., Inc.*,
   68 Cal.App.4th 654 (1998) .................................................................................................... 13

*Resolution Trust Corp. v. BVS Dev.*,
   42 F.3d 1206 (9th Cir. 1994) ................................................................................................. 11

*S. Bay Chevrolet v. GM Acceptance Corp.*,
   72 Cal.App.4th 861 (1999) .................................................................................................... 12

*Saldate v. Wilshire Credit Corp.*,
   2010 WL 624445 (E.D. Cal. 2010) ....................................................................................... 10

*Schnall v. Hertz Corp.*,
   78 Cal.App.4th 1144 (2000) .................................................................................................. 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ............................................................................................... 10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir.2001) .................................................................................................... 2

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir.1998) .................................................................................................. 2

*Stockwell v. Barnum*,
   7 Cal.App. 413 (1908) ............................................................................................................ 5

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal. App. 4th 153 (1991) ............................................................................................... 8, 10

*U.S. Fidelity Co. v. Struthers Wells Co.*,
   209 U.S. 306 (1908) ................................................................................................................ 6

*US Ecology, Inc. v. State of California*,
   129 Cal.App.4th 887 (2005) .................................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................. 7

*Yari v. Producers Guild of America, Inc.*,
   161 Cal.App.4th 172 (2008) .................................................................................................... 9

*Yoshioka v. Superior Court*,
   58 Cal.App.4th 972 (1997) ................................................................................................. 6

**STATUTES, RULES**

Business & Professions Code
   § 17204 ............................................................................................................................ 12

Civil Code
   § 3 ....................................................................................................................................... 6
   § 2920.5 ...................................................................................................................... 3, 5, 6
   § 2924 ....................................................................................................................... *passim*
   § 2924.17 ................................................................................................................. *passim*
   § 2924.18 ................................................................................................................. *passim*
   § 2932.5 ............................................................................................................................. 5

Evidence Code
   § 669 ................................................................................................................................. 11

Federal Rules of Civil Procedure
   Rule 9 ........................................................................................................................... 7, 10
   Rule 12 ....................................................................................................................... 13, 14

**OTHER AUTHORITIES**

Witkin, 6 Summary of California L., Torts §§ 818, 819 (9th ed.). ............................................... 11

**I. INTRODUCTION**

Plaintiff Hojat Seyed Hosseini ("Plaintiff") filed this action on March 28, 2013 against Wells Fargo Bank, N.A. ("Wells Fargo") for (1) violation of California Civil Code section 2924(a)(6); (2) violation of California Civil Code section 2924.17(b); (3) violation of California Civil Code section 2924.18; (4) fraud; (5) promissory estoppel; (6) negligent misrepresentation; (7) negligence per se; and (8) violations of California Business & Professions Code section 17200 et seq.

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because each cause of action against Wells Fargo fails to state a claim upon which relief can be granted.  In essence, Plaintiff seeks to prevent foreclosure on a residential loan that Wells Fargo services by challenging Wells Fargo's right to foreclose.  Plaintiff also alleges that Wells Fargo violated certain provisions of the California Homeowners' Bill of Rights ("HBOR").  However, Plaintiff is not actually the borrower on the loan at issue.  Also, in making this second claim, Plaintiff admits that Wells Fargo is authorized to foreclose.  Plaintiffs' remaining claims for misrepresentation and promissory estoppel fail because they are not pled with specificity.  For these reasons, and as more fully explained below, Wells Fargo respectfully requests that the entire Complaint be dismissed with prejudice.

**II.  LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id*. at 554–56, 562–63 (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the facts pleaded in the complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Id*. (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir.1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Nor need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, *supra*, at 988.

### III.  STATEMENT OF FACTS

On or about August 25, 2006, Modesto Juarez and Dora Hernandez obtained a loan in the amount of $300,000.00 from Wells Fargo, secured by a Deed of Trust recorded against the real property commonly known as 3790 Hillcrest Road, El Sobrante, California 94803 ("Subject Property"). *See* Request for Judicial Notice ("RJN") Ex. A. Wells Fargo is servicer of the loan. Compl. ¶ 9.

In September 2011, Wells Fargo recorded a Corporate Assignment of Deed of Trust to

1  U.S. Bank National Association, as trustee for CitiGroup Mortgage Loan Inc., Mortgage Pass-
2  Through Certificates, Series 2007-AR8 ("U.S. Bank").  RJN Ex. B.  Later, NBS Default Services,
3  LLC ("NBS") recorded a Notice of Default in October 2012.  RJN Ex. C.  Finally, NBS recorded
4  a Notice of Trustee's Sale on January 22, 2013.  RJN Ex. D.

5  Plaintiff alleges he is the borrower on this loan.  Compl. ¶ 6.  Plaintiff alleges that he sent
6  a complete loan modification application to Wells Fargo in September 2012.  Compl. ¶ 18.
7  Plaintiff further alleges that, as of the date of the Complaint, Wells Fargo has not provided him
8  with a final written determination on his requested loan modification.  Compl. ¶ 46.

## IV.  ARGUMENT

**A.  Plaintiff's First Three Causes of Action Fail Because He is Not a Borrower.**

A threshold issue to Plaintiff's first three causes of action for violation of the HBOR is that the Plaintiff is not the borrower on the loan.  Plaintiff alleges he is a borrower under Cal. Civil Code section 2920.5(c)(1).  Compl. ¶ 6.  This section states that for the purposes of Civil Code section s 2924.17 and 2924.18 (among other sections) that a "'borrower' means any natural person who is a mortgagor or trustor …".  Cal. Civil Code § 2920.5(c)(1).  However, as indicated by a judicially noticeable documents, the Deed of Trust[1] that corresponds to the foreclosure notices recorded on the days that Plaintiff alleges in his Complaint, and that corresponds to the Subject Property, **was actually signed by Modesto Juarez and Dora Hernandez, not Plaintiff**.  *See* RJN Ex. A; RJN Ex. C (Notice of Default recorded on October 5, 2012 with 2923.5 declaration dated August 24, 2009, and referring to Subject Property and Deed of Trust in RJN Ex. A); RJN Ex. D (Notice of Sale recorded on January 22, 2013, and referring to Subject Property and Deed of Trust in RJN Ex. A); Compl. ¶ 19 (Plaintiff alleges Notice of Default recorded on October 5, 2012 with 2923.5 declaration dated August 24, 2009); Compl. ¶ 21 (Plaintiff alleges Notice of Sale recorded on January 22, 2013).

Because Plaintiff is not a trustor on the Deed of Trust and therefore not a borrower, none of the HBOR applies to Plaintiff.  At a minimum, Civil Code sections 2924.17(b) and 2924.18 do

---

[1] Plaintiff does not attach the Deed of Trust to his Complaint.

1 not apply to Plaintiff pursuant to the explicit language in Civil Code section 2920.5(c)(1).
2 Moreover, section 2924.18 cannot apply to Plaintiff because Plaintiff is not even a party to the
3 loan, so a loan modification cannot even be contemplated under section 2924.18.  Similarly,
4 section 2924.17(b) is not applicable or relevant to Plaintiff because section 2924.17(b) involves
5 checking  a borrower's loan status and information to substantiate whether a default actually
6 exists.  Plaintiff is not the borrower.

7 Although Civil Code section 2924(a)(6) is not explicitly inapplicable to Plaintiff, it would
8 also be consistent to exclude Plaintiff.  As discussed in further detail below, a borrower does not
9 have a right to challenge the authority of an entity to foreclose.  It would make less sense to give
10 such a right to a third party who is not a party to the loan, such as Plaintiff.

**B.     Plaintiff's First and Second Causes of Action Also Fail Because Plaintiff Cannot Challenge the Authority to Foreclose and Because Plaintiff Admits Wells Fargo is the Servicer.**

13 Regardless of whether or not Plaintiff is the borrower, Plaintiff's first and second causes of
14 action fail for other reasons.  In these causes of action, Plaintiff essentially challenges Wells
15 Fargo's right to foreclose.  Specifically, Plaintiff alleges that Wells Fargo was not authorized to
16 initiate the foreclosure process (Compl. ¶ 34) because U.S. Bank never received beneficial interest
17 when the Assignment was not recorded timely.  Compl. ¶¶ 14–17.  As a result, Plaintiff alleges
18 that Wells Fargo recorded inaccurate title documents.  Compl. ¶ 39.

19 **1.     Plaintiff Has No General Right to Challenge the Authority to Foreclose.**

20 To begin, Plaintiff has no general right to bring a lawsuit to determine if Wells Fargo is
21 indeed authorized to proceed with foreclosure on behalf of the note-holder.  *See Gomes v.*
22 *Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011).  California has a
23 "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power
24 of sale contained in a deed of trust."  *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994).  "Because
25 of the exhaustive nature of this scheme, California appellate courts have refused to read any
26 additional requirements into the nonjudicial foreclosure statute."  *Lane v. Vitek Real Estate*
27 *Industries Group*, 713 F.Supp.2d 1092, 1098 (E.D. Cal. 2010).  "The recognition of the right to
28 bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the

noteholder would fundamentally undermine the non-judicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Gomes*, 192 Cal.App.4th at 1155.

Notably, nowhere do Civil Code sections 2924(a)(6) and 2924.17(b) provide a mechanism for the borrower to determine if a nominee is indeed authorized by the note-holder. To the extent Plaintiff believes that subsection (b) of Civil Code section 2924.17 requires a servicer to determine their own right to foreclose, the context of subsection (b) clearly suggests otherwise. The servicer is required to review evidence substantiating the borrower's default, including the borrower's loan status and information, not the servicer's own authority to foreclose. Indeed, because the definition of mortgage servicer under Civil Code section 2920.5 states that the entity is either the owner of the promissory note or the current owner's authorized agent, section 2924.17 cannot be read to require a servicer to inquire into their own authority to foreclose. Section 2924.17 already assumes the servicer is authorized and does nothing to abrogate the *Gomes* ruling.

Nor does section 2924(a)(6) impose a requirement that an assignment be recorded prior to initiating foreclosure proceedings, as Plaintiff suggests. In California, a deed of trust does not require a recorded assignment for the assignee to exercise the power of sale. *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 123 (2011). Because the power of sale is held by the trustee and not the beneficiary, Civil Code section 2932.5 (requiring assignments to be recorded) only applies to mortgages and does not apply to deeds of trust. *See, e.g.*, *Stockwell v. Barnum*, 7 Cal.App. 413, 416–417 (1908). Furthermore, section 2924(a)(6) states (in part):

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, **or the designated agent of the holder of the beneficial interest**.

Cal. Civ. Code § 2924(a)(6) (emphasis added).

Because an agent of the beneficiary may initiate the foreclosure, clearly an assignment to the party initiating the foreclosure is not required. Therefore, Plaintiff's belief that a recorded assignment is required by section 2924(a)(6) is incorrect.

**2. Here, Plaintiff Admits Wells Fargo is the Servicer.**

Even if Plaintiff is allowed to challenge Wells Fargo's authority, Plaintiff is completely undermined by his own admission that Wells Fargo is the loan's servicer. *See* Compl. ¶ 9. Plaintiff specifically alleges that Wells Fargo is the mortgage servicer, as defined under Cal. Civil Code section 2920.5(a). *Ibid*. The section provides that a mortgage servicer is the

> person or entity who directly services a loan, or who is responsible for interacting with the borrower, managing the loan account on a daily basis including collecting and crediting periodic loan payments, managing any escrow account, **or enforcing the note and security instrument**, either as the current owner of the promissory note or **as the current owner's authorized agent**.

Cal. Civil Code § 2920.5(a) (emphasis added).

Again, Plaintiff's assertion that Wells Fargo is not one of the authorized parties that may record a Notice of Default under Civil Code section 2924(a)(6) misses the fact that section 2924(a)(6) allows an agent for the beneficiary to initiate a foreclosure. This is precisely what occurred here. *See* RJN Ex. C.

**3. The HBOR Does Not Apply Retroactively.**

Finally, by its own, specific terms, the HBOR[2] did not take effect until January 1, 2013. *See* See S.B. 900, A.B. 278, Laws of 2012. The amended statutes contain no language suggesting that they are meant to apply before January 1, 2013. In addition, there is a strong presumption against retroactivity in the absence of such express language. *See* e.g., Civ. Code § 3; Cal. Code Civ. Proc. § 3. Generally, "[t]he presumption is very strong that a statute was not meant to act retrospectively, [wherein] [i]t ought not receive such a construction unless the words used are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied." *Yoshioka v. Superior Court*, 58 Cal.App.4th 972, 980 (1997), quoting *U.S. Fidelity Co. v. Struthers Wells Co.*, 209 U.S. 306, 314 (1908). Indeed, the presumption against retroactive application is especially strong when retroactive application

---

[2] Section 2924 was amended by the HBOR and section 2924.17 (along with section 2924.18, relating to the third cause of action) was added to the Civil Code by the HBOR.

1 would increase a party's liability for past conduct, or impose new duties with respect to
2 transactions already completed. *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994).

3 Further, in the absence of an express retroactivity provision, a statute will not be applied
4 retroactively unless it is very clear from extrinsic sources that the Legislature must have intended a
5 retroactive application. *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1209 (1988). Nothing in
6 the HBOR suggests that the amendments are meant to apply retroactively. Therefore, the HBOR
7 does not apply to any of Wells Fargo's activities prior to January 1, 2013. Here, all of the
8 foreclosure documents, except for the Notice of Sale, were recorded prior to January 1, 2013. *See*
9 Compl. ¶¶ 14, 19. Therefore, Plaintiff cannot, for example, claim a violation of Civil Code
10 section 2924.17 for purportedly recording an inaccurate Notice of Default.

11 For all of these reasons, Plaintiff has not and cannot stated a claim for violations of
12 California Civil Code sections 2924(a)(6) and 2924.17(b), and the Court should dismiss the first
13 and second causes of action without leave to amend.

14 **C. Plaintiff's Fourth Cause of Action for Fraud Fails Because it Lacks Specificity and Plaintiff Has and Cannot Allege Reliance or Damages Relating to the Assignment.**
15

16 In his fourth cause of action, Plaintiff alleges that Wells Fargo made a false representation
17 when it assigned the Deed of Trust to U.S. Bank. Compl. ¶ 50. Putting aside the fact that this is
18 merely an attempt to recast Plaintiff's first two causes of action and it fails for the same reasons,
19 Plaintiff also does not meet the elements of fraud. Plaintiff must show: (a) misrepresentation
20 (false representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity
21 (scienter); (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d)
22 justifiable reliance; and (e) resulting damage. *See, e.g., Lazar v. Superior Court*, 12 Cal.4th 631,
23 638 (1996). Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud …, a party must state with
24 particularity the circumstances constituting fraud …."

25 **1. Plaintiff's Claim Lack Specificity.**

26 Rule 9(b) governs Plaintiff's complaint even though it was filed in state court before the
27 case was removed to this Court. *See, e.g., Lopez v. GMAC Mortgage Corp.*, 2007 WL 3232448, at
28 *4 (N.D. Cal. 2007). This "requires a pleader of fraud to detail with particularity the time, place,

1 and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") Further, "[w]hen the defendant is a corporate defendant, the plaintiff must specifically allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). Plaintiff's claim fails entirely to plead with specificity the who, what when, where and how of the alleged misrepresentation, much less any information of how the speaker had authority to speak for the Defendant.

**2.  Plaintiff Has Not Pled Misrepresentation Directed at Him.**

To begin, Plaintiff has not pled that the assignment was directed at him or that he was sent a copy of the assignment by Wells Fargo. This is because, as discussed above, a deed of trust does not require a recorded assignment for the assignee to exercise the power of sale. *Calvo*, 199 Cal.App.4th at 123. As a result, there is no requirement in the non-juducial foreclosure framework that an assignment be sent to a borrower or third party to evidence standing to foreclose. Nor does Plaintiff allege he received the Assignment when it was recorded in 2011 or at any other point. Instead, Plaintiff most likely affirmatively tracked down the Assignment for the purposes of this lawsuit.

**3.  Plaintiff Has Not and Cannot Plead Reliance or Damages.**

Besides a conclusory statement that Plaintiff has suffered damages (Compl. ¶ 59), Plaintiff does not plead any harm suffered as a result of the alleged misrepresentation. Nor can he. "As to plaintiff, an assignment merely substituted one creditor for another, without changing…[his]…obligations under the note." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011). Plaintiff concedes there is a default. Compl. ¶ 19. However, Plaintiff does not plead that the Assignment interfered with the ability to make payments, discuss a loan modification with Wells Fargo, or caused him damages in any other way. Even if the Assignment was somehow improperly recorded, Plaintiff has not and cannot pled any facts

showing resulting prejudice.

Accordingly, Plaintiff's fourth cause of action fails as a matter of law, and the Court should dismiss this cause of action without leave to amend.

**D. Plaintiff's Fifth Cause of Action for Promissory Estoppel Does Not Plead a Clear and Unambiguous Promise.**

The elements of a promissory estoppel claim are: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance. Promissory estoppel employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise to be enforced. *US Ecology, Inc. v. State of California*, 129 Cal.App.4th 887, 901–902 (2005).

A cause of action for promissory estoppel is basically the same as that in contract actions but missing the consideration element. *Yari v. Producers Guild of America, Inc.*, 161 Cal.App.4th 172, 182 (2008). A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom. *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006).

Here, Plaintiff alleges that Wells Fargo promised him a good faith evaluation of his loan modification application. Compl. ¶ 62. Like most of Plaintiff's complaint, this alleged promise is utterly devoid of specificity. Plaintiff's allegation that he was promised a good-faith evaluation is neither clear nor unambiguous in its terms. A good-faith evaluation can mean many different things. Plaintiff's alleged promise is also missing a temporal element. When would the good faith review be conducted? Plaintiff seems to want to imply that Wells Fargo promised a good faith review prior to initiating foreclosure proceedings, but Plaintiff's Complaint does not plead such a promise. "Estoppel cannot be established from...preliminary discussions and negotiations." *Garcia v. World Sav., FSB*, 183 Cal.App.4th 1031, 1044 (2010) (citation omitted).

Plaintiff's fifth cause of action also fails because Plaintiff has not pled any injury as a result of the estoppel. Plaintiff alleges that he refrained from other alternatives to remedy his

1 default, such as a short sale or obtaining alternate financing. Compl. ¶ 63. However, Plaintiff 2 does not plead that these alternatives are not still available or that the foreclosure occurred, making 3 them moot. Thus, Plaintiff has not pled that his alternatives are unavailable so that only equitable 4 relief is available as a remedy.

5 Based on these reasons, Plaintiff's fifth cause of action fails to state a claim and the Court 6 should dismiss the fifth cause of action without leave to amend.

### E. Plaintiff's Sixth Cause of Action for Negligent Misrepresentation Fails Because it is Not Pled with Any Particularity.

To begin, a claim for negligent misrepresentation must satisfy the same Fed. R. Civ. P. 9(b) pleading standards as a fraud claim. A cause of action for negligent misrepresentation consists of the same elements as fraud except there is no requirement of intent to induce reliance. *Cadlo v. Owens–Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).

To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."). In a fraud action against a corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Saldate v. Wilshire Credit Corp.*, 2010 WL 624445 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

Plaintiff's negligent misrepresentation claim is based on Wells Fargo's alleged statements that Plaintiff would be given a good faith evaluation of his loan modification application. Compl. ¶ 62. However, Plaintiff's claim it is utterly devoid of any specificity. This claim fails to identify what misrepresentation supports the claim, the individual that made the statement, that

individual's authority to speak on behalf of Wells Fargo and when the statement was made. In fact, Plaintiff pleads almost no facts regarding *any* communication with Wells Fargo. In the beginning of his Complaint, Plaintiff identifies correspondence on or about March 19, 2013, that requested further information regarding his loan modification application. Compl. ¶ 22. However, Plaintiff does not attach the letter or provide any details. Moreover, as Plaintiff alleges, this letter does not promise or suggest anything, but merely asks for more information. Clearly, this alleged letter is not the basis for Plaintiff's claim for negligent misrepresentation. Without anything more, this generalized allegation is insufficient to meet the heightened pleading requirements for negligent misrepresentation and fails to state a claim as a result. Accordingly, the Court should dismiss the sixth cause of action without leave to amend.

**F. Plaintiff Has Not Pled Any Underlying Statutory Violations to Support His Seventh Cause of Action for Negligence Per Se and No Duty Exists Otherwise.**

Failure to exercise due care is presumed from violation of a statute, ordinance, or regulation of a public entity. Cal. Evid. Code § 669(a). The presumption arises when the violation causes the type of accident and injury which the regulation was intended to prevent. *Ibid.* Such behavior is known as "negligence per se." Witkin, 6 Summary of California L., Torts §§ 818, 819 (9th ed.). Plaintiff alleges Wells Fargo is negligent per se based on alleged violations of California Civil Code sections 2924(a)(6), 2924.17(b), and 2924.18. However, as discussed above, these claims fail as a matter of law. Therefore, Plaintiff has no underlying statutory basis for his negligence per se claim.

For a regular negligence claim, the elements are "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998). "The question of the existence of a legal duty of care . . . presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). However, in general, "[u]nder California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, except those imposed due to special circumstance..." *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d 1206,

1214 (9th Cir. 1994) (citing *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App. 3d 1089 (1991)). A loan servicer, such as Wells Fargo, does not owe a duty to the borrower of the loan it is servicing. *See Castaneda v. Saxon Mortg. Servs.*, 687 F.Supp.2d 1191, 1198 (E.D.Ca. 2009).

Plaintiff is not even a borrower or in contract with Wells Fargo, and therefore Plaintiff cannot possibly establish a duty owed by Wells Fargo. As a result, Plaintiff's seventh cause of action fails to state a claim, and the Court should dismiss this claim without leave to amend.

**G.  Plaintiff Is Not Entitled to Restitution and Hasn't Pled Predicate Misconduct to Support His Eighth Cause of Action for Violations of Business & Professions Code Section 17200.**

A business act may violate section 17200 (unfair competition law, hereinafter "UCL") if it is either "unlawful," "unfair," or "fraudulent." Each of these prongs involves "a separate and distinct theory of liability." *S. Bay Chevrolet v. GM Acceptance Corp.*, 72 Cal.App.4th 861, 880–889 (1999). Because a violation of section 17200 may be established by unfair, fraudulent, or unlawful practices, a plaintiff must specifically plead which prong his cause is action is based on. *See Khoury v. Maly's of Calif., Inc.,* 14 Cal.App.4th 612, 619 (1993). Here, Plaintiff alleges Wells Fargo misled him about the identity of the beneficiary (fraudulent), violated the HBOR statutes (unlawful), and violated the laws and underlying legislative polices designed to prevent foreclosure (unfair). Compl. ¶¶ 85–87. Among other things, Plaintiff seeks restitution and disgorgement of "sums wrongfully obtained." Compl. ¶ 89.

**1.  Plaintiff Has No Standing Because He Is Not Entitled to Restitution.**

Regardless of the prong under which his UCL claim is stated, Plaintiff has not shown that he is entitled to restitution of anything that Wells Fargo obtained from him. Bus. & Prof. Code section 17204 specifies that an unfair competition claim can be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Because remedies for individuals under the unfair competition law are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 817 (2007). Plaintiff has not alleged and cannot allege damages because no foreclosure has occurred. Nor has Plaintiff alleged that he paid Wells Fargo

1 anything during the loan modification review, before or after the foreclosure notices were issued, in reliance on the allegedly incorrect assignment, or at any other point. In short, Plaintiff has no damages to support a UCL claim.

### 2. Plaintiff's Cause of Action Fails Under All Three Prongs.

First, under the unlawful prong, the complaint must allege which law has been violated. *Khoury*, *supra*, at 616. The viability of a UCL claim stands or falls with the antecedent substantive causes of action. *See, Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001); *People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal.App.4th 654, 673 (1998) (a defense to the underlying offense is a defense under the UCL); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing Section 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law). As explained above, however, each and every one of Plaintiff's other causes of action are fatally defective pursuant to Federal Rule of Civil Procedure 12(b)(6).

Second, under the unfairness prong, Plaintiff must allege conduct that either violates a "legislatively declared policy" or is such that the "utility of the conduct outweighs the gravity of the harm to the alleged victims." *Lozano v. AT&T Wireless Serv. Inc.*, 504 F.3d 718, 736 (9th Cir. 2007). However, "any claims of unfairness under the UCL should be defined in connection with a legislatively declared policy." *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1166–67 (2000). Here, Plaintiff essentially asserts he was not given a good faith loan modification review. Compl. ¶ 87. However, Plaintiff has cited no legislatively declared policy for providing a loan modification review to third parties that are not borrowers. Nor has Plaintiff cited a specific harm he has suffered. Nor can he, because the foreclosure has not occurred.

Third and finally, under the fraudulent prong, a plaintiff must prove justifiable reliance. *Mirkin v. Wasserman*, 5 Cal.4th 1082, 1088, 1092 (1993) (to show injury caused by a defendant's misrepresentation, common law principles require that a plaintiff establish the element of reliance). Plaintiff must also satisfy the heightened fraud pleading requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (2009). Here, Plaintiff bases his allegation of fraudulent conduct under the UCL on the alleged misrepresentation regarding the beneficiary of the deed of trust.

1  Compl. ¶ 85. As discussed above, Plaintiff cannot prevail on his claim for such alleged
2  misrepresentation because he has not pled the Assignment was directed at him nor has he pled any
3  reliance or damages stemming from the Assignment.

4      For these reasons, the Court should grant the motion to dismiss the eighth cause of action
5  without leave to amend.

## V. CONCLUSION

7      As set forth above, complaint fails to state any claim upon which relief may be granted. As
8  a result, Wells Fargo respectfully requests its Motion to Dismiss Plaintiff's Complaint under Rule
9  12(b)(6) of the Federal Rules of Civil Procedure be granted without leave to amend and judgment
10 entered in favor of Wells Fargo.

12 DATED: May 13, 2013            Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By:     */s/ Laszlo Ladi*
        Laszlo Ladi

Attorneys for Defendant WELLS FARGO BANK, N.A.