DAVID L. SMART, ESQ. (SBN 262533)
GABRIEL D. KLUG, ESQ. (SBN 249281)
**SMART & KLUG, LLP**
8880 Cal Center Drive, Suite 400
Sacramento, CA 95826
Tel.: (916) 361-6020
Fax: (916) 361-6021

Attorneys for Plaintiffs
HOJAT SEYED HOSSEINI, MODESTO JUAREZ,
DORA HERNANDEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOJAT SEYED HOSSEINI; MODESTO JUAREZ; and DORA HERNANDEZ<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: CV13-02066-DMR<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **Violations of Civil Code §2924(a)(6): Wrongful Foreclosure**<br>2. **Violations of Civil Code §2924.17(b): Recording of Inaccurate Title Documents**<br>3. **Violations of Civil Code §2924.18: Dual-Tracking**<br>4. **Fraud**<br>5. **Promissory Estoppel**<br>6. **Negligent Misrepresentation**<br>7. **Negligence Per Se**<br>8. **Violations of Business and Professions Code §17200, et seq.**<br><br>**[JURY DEMANDED]** |

**COMES NOW**, Plaintiffs HOJAT SEYED HOSSEINI, MODESTO JUAREZ, and DORA HERNANDEZ ("Plaintiffs" "HOSSEINI" "JUAREZ" "HERNANDEZ"), and allege against Defendants, and each of them, as follows:

## I. INTRODUCTION

---
FIRST AMENDED COMPLAINT
-1-

1. Plaintiffs are the victims of fraud and deception perpetrated by Defendants and sue now for damages, equitable, and injunctive relief as a result of Defendants' acts or omissions as set forth herein concerning their home located at 3790 Hillcrest Road, El Sobrante, California 94803 ("Subject Property").

2. Defendant WELLS FARGO BANK, N.A.'s ("Defendant WELLS FARGO") conduct constitutes fraud inasmuch as it made false representations to Plaintiffs during the modification process for the first lien mortgage loan ("Subject Loan") on the Subject Property with the intent to extract more money from Plaintiffs and inevitably foreclose on the property in violation of the California Homeowner Bill of Rights.

3. Defendants' conduct also constitutes fraud inasmuch as Plaintiffs have discovered that a now-defunct mortgage loan trust labeled "CitiGroup Mortgage Loan Inc., Mortgage Pass-Through Certificates, Series 2007-AR8" ("Securitized Trust") is not the beneficial owner of the Subject Loan despite WELLS FARGO's false representations to the contrary.

4. Plaintiffs and their family have been, and will continue to be, seriously injured unless Defendants' threatened foreclosure proceedings and other activities complained of are not preliminarily and permanently enjoined. Plaintiffs will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages because of ongoing collection activity on the loan and foreclosure proceedings against Plaintiffs' home.

## II. PARTIES & JURISDICTION

5. Plaintiffs, and at all times herein relevant was, an individual residing in the County of Contra Costa.

6. Plaintiffs HOSSEINI, JUAREZ, and HERNANDEZ at all times herein relevant were "borrowers" as that term is defined by Civil Code Section 2920.5(c)(1).

7. The Subject Loan is a "first lien" as that term is defined by Civil Code Section 2920.5(d).

8. The Subject Property is an "owner-occupied residential real property containing no more than four dwelling units" as that term is defined by Civil Code Section 2924.15(a).

9. Defendant WELLS FARGO is, and at all times herein relevant was, a "mortgage servicer" as that term is defined by Civil Code Section 2920.5(a). Plaintiffs allege that, at all times herein relevant, Defendant WELLS FARGO was the mortgage servicer for the Subject Loan. Plaintiffs further allege that, all times herein relevant, Defendant WELLS FARGO was a national banking association transacting business in the County of Contra Costa.

10. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while acting within the actual and ostensible scope of their authority.

11. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 100 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this Complaint to show their true names, involvement and capacities when the same have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants named herein as DOE was in some manner responsible for the harm and losses suffered by Plaintiffs and/or will be responsible for imminent harm and losses to Plaintiffs.

12. Plaintiffs are informed and believe, and thereon alleges, that at all times herein relevant, each of the Defendants was the actual and apparent agents of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of their actual and apparent agency and with the knowledge, notification, consent and ratification of each of the other Defendants.

### III. ALLEGATIONS

13. Plaintiffs incorporate by reference the allegations set forth above and below.

14. On about September 21, 2011, Defendant WELLS FARGO recorded a document titled "Assignment of Deed of Trust" in the Contra Costa County Recorder's Office in which it purported to state that the beneficial interest in the Subject Loan had been assigned to the Securitized Trust.

15. However, the Securitized Trust, as stated in the documents that created the Trust and from which it derived its powers, ceased acquiring mortgage loans in 2007.

16. Plaintiffs further allege that the Securitized Trust was dissolved prior to 2011 and no longer exists.

17. Plaintiffs allege that, as a result of the foregoing, the Securitized Trust never obtained the beneficial interest in the Subject Loan, that Defendant WELLS FARGO is aware of this fact, and that WELLS FARGO made numerous false representations when recording documents on title to the Subject Property.

18. Furthermore, in about September of 2012, Plaintiff HOSSEINI mailed a complete first-lien loan modification application to Defendant WELLS FARGO. WELLS FARGO confirmed receipt of the application.

19. On about October 5, 2012, Defendant WELLS FARGO recorded a document titled "Notice of Default" on title to the Subject Property. The declaration required to be recorded with Notices of Default showing compliance with California Civil Code section 2923.5 was signed *on August 24, 2009*.

20. Beginning in about December 2012 and continuing through January and February 2013, Plaintiffs supplied WELLS FARGO with the information it requested for the loan modification process.

21. On about January 22, 2013, Defendant WELLS FARGO recorded a document titled "Notice of Trustee's Sale" on title to the Subject Property even though the loan modification process was ongoing.

22. On about March 19, 2013 Plaintiff HOSSEINI received correspondence from WELLS FARGO requesting further information for the mortgage assistance process.

23. Despite this request, Plaintiffs have also been informed that a trustee's sale for the Subject Property was set for April 2, 2013.

24. From prior to 2012 and continuing through the present, Defendant WELLS FARGO has continued to process the loan modifications while proceeding with the foreclosure process in violation of the ban on "dual-tracking".

25. Loan modifications have been a cornerstone of public and private efforts to preserve home ownership in the recent financial crisis. Through the modification process, servicers reduce borrowers' interest rates, extend their loan terms, and/or forgive or forbear principal in order to reach a monthly mortgage payment that borrowers can afford.

26. Instead of providing the relief to which struggling borrowers are entitled, WELLS FARGO has misled, and continues to mislead, California consumers, including Plaintiffs, about loan modifications.

27. Had Plaintiffs known that WELLS FARGO would not in good faith consider his family for one of the options that would allow him to retain his family home but instead give him the "run-around" and then attempt to foreclose, he would have been able to seek out other opportunities to save his home.

28. WELLS FARGO represented to Plaintiffs, and Plaintiffs reasonably believed, that WELLS FARGO would in good faith consider Plaintiffs' request for reasonable mortgage relief if Plaintiffs followed its instructions to seek a loan modification.

29. It appears however, that Defendant WELLS FARGO did not intend to offer Plaintiffs any relief or modification.

30. Plaintiffs have been, and will continue to be, seriously injured unless Defendants' collection and/or threatened foreclosure proceedings and other activities complained of are not preliminarily and permanently enjoined. Plaintiffs will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages because of ongoing collection activity on the loan and foreclosure proceedings against Plaintiffs' residence.

**FIRST CAUSE OF ACTION**
**Violations of Civil Code §2924(a)(6): Wrongful Foreclosure**
**(Against All Defendants)**

31. Plaintiffs incorporate by reference the allegations set forth above and below.

32. California Civil Code §2924(a)(6) provides that: No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee

under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

33. Plaintiffs are members of the class entitled to protection under these code sections.

34. Defendant WELLS FARGO caused a notice of default and notice of trustee's sale to be recorded and otherwise initiated the foreclosure process despite neither being the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.

35. As a result of Defendants' conduct and breach of the code section, Plaintiffs are entitled to injunctive relief, including, but not limited to an order restraining the sale of the Subject Property. In addition, Plaintiffs have been forced as a result of Defendants' violations to retain a law firm to enforce their rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Violations of Civil Code §2924.17(b): Recording of Inaccurate Title Documents**
**(Against All Defendants)**

36. Plaintiffs incorporate by reference the allegations set forth above and below.

37. California Civil Code §2924.17(b) provides that: Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

38. Plaintiffs are members of the class entitled to protection under these code sections.

39. Plaintiffs allege that the title documents recorded on title to the Subject Property recorded by Defendant WELLS FARGO are inaccurate as alleged herein.

40. As a result of Defendants' conduct and breach of the code section, Plaintiffs are entitled to injunctive relief, including, but not limited to an order restraining the sale of the Subject Property. In addition, Plaintiffs have been forced as a result of Defendants' violations to retain a law firm to enforce their rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
### Violations of Civil Code §2924.18: Dual-Tracking
### (Against All Defendants)

41. Plaintiffs incorporate by reference the allegations set forth above and below.

42. California Civil Code §2924.18(a)(1) provides that: If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification.

43. Plaintiffs are members of the class entitled to protection under these code sections.

44. Plaintiffs have submitted a complete application for first lien loan modifications offered by or through Defendant WELLS FARGO.

45. Defendant WELLS FARGO sent Plaintiffs, and Plaintiffs received, a letter dated March 15, 2013 requesting further information from Plaintiffs for the ongoing mortgage relief process.

46. WELLS FARGO recorded a notice of default and notice of trustee's sale on title to the Subject Property and is attempting to conduct a trustee's sale despite Plaintiffs not being provided with a final written determination of eligibility for the requested loan modification.

47. As a result of Defendants' conduct and breach of the code section, Plaintiffs are entitled to injunctive relief, including, but not limited to an order restraining the sale of the Subject Property. In

addition, Plaintiffs have been forced as a result of Defendants' violations to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**FRAUD**
**(Against All Defendants)**

48. Plaintiffs incorporate by reference the allegations set forth above and below.

49. California Civil Code §1572 provides that, actual fraud consists of any of the following acts, committed by or with the connivance of a party to a contract with the intent to deceive another party to the contract, or to induce the other party to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in any manner not warranted by the information of the person making it, of that which is not true, though the person making the assertion believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of performing it; and 5. Any other act fitted to deceive,

50. By claiming that the Securitized Trust is the beneficiary of the Subject Loan, Defendant WELLS FARGO is making a false representation of material fact to Plaintiffs and the public.

51. By proceeding with a non-judicial foreclosure of the Subject Property, Defendant WELLS FARGO falsely represents that it is has the right to do so.

52. Defendant WELLS FARGO does not, and is aware it does not, have the authority to pursue any foreclosure-related activity relating to the Subject Property because it was not the legal beneficiary or agent thereof which would authorize such activity.  Nonetheless, knowing it did not have such authority, WELLS FARGO purports to be an agent of beneficiary under the Deed of Trust in an attempt to deceive Plaintiffs and the public.

53. Further, WELLS FARGO's employees knew Plaintiffs were unaware of, and could not reasonably have discovered, material information about the foreclosure and loan modification

FIRST AMENDED COMPLAINT
-8-

transaction based on the false representations and material non-disclosures they made related to the options available to avoid foreclosure.

54. Defendant WELLS FARGO's representations and conduct deceived Plaintiffs.

55. When these respective representations were made, the Defendants knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations in the manner herein alleged, or with the expectation that Plaintiffs would so act.

56. From the perspective of a consumer, a non-judicial foreclosure on a debt acknowledged to be owed by a national banking institution would be presumed valid insofar as that bank's standing and authority to conduct it.

57. Plaintiffs, at the time these representations were made and Plaintiffs took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true.

58. The above misrepresentations, omissions and acts were purposefully hidden from Plaintiffs.

59. As a proximate cause of the Defendants' fraudulent conduct as herein alleged, Plaintiffs are now subject to onerous foreclosure proceedings and the loss of their residence. Plaintiffs have suffered, and will continue to suffer, damages the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court. Plaintiffs are entitled to incidental and consequential expenses and damages in an amount to be shown at the time of trial. Plaintiffs have further been forced to retain a law firm to enforce his rights and has incurred and will incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

60. Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard, of the probable detrimental and economic consequences to Plaintiffs, and to the direct benefit of Defendants, knowing that Defendants conduct was substantially certain to vex, annoy, and injure Plaintiffs and entitle them to punitive damages under California Civil Code §3294, in an amount sufficient to punish or make an example of Defendants.

      **WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as

hereinafter set forth.

## FIFTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL
### (Against All Defendants)

61. Plaintiffs incorporate by reference the allegations set forth above and below.

62. Plaintiffs justifiably relied on Defendants' statements including that it would provide Plaintiffs with a good faith evaluation of the loan modification application.

63. Plaintiffs were injured by their reliance on Defendants' promises as he refrained from obtaining other alternatives to remedy this situation, including but not limited to obtaining alternative financing, or proceeding with a short-sale.

64. Plaintiffs' reliance was to their substantial economic detriment as they spent money in improving the Subject Property and in complying with Defendants' repeated requests for financial and other information.

65. Plaintiffs were not aware that Defendants' statements were false.

66. Defendants did foresee and desired that Plaintiffs would and did rely upon their statements in order to eventually foreclosure of Plaintiffs' real property.

67. As a proximate cause of the Defendants' fraudulent conduct as herein alleged, Plaintiffs are now subject to onerous foreclosure proceedings and the loss of their residence. Plaintiffs have suffered, and will continue to suffer, damages the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court. Plaintiffs are entitled to incidental and consequential expenses and damages in an amount to be shown at the time of trial. Plaintiffs have further been forced to retain a law firm to enforce his rights and has incurred and will incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff are entitled to according to proof.

68. Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard, of the probable detrimental and economic consequences to Plaintiffs, and to the direct benefit of Defendants, knowing that Defendants conduct was substantially certain to vex, annoy, and injure Plaintiffs

and entitle him to punitive damages under California Civil Code §3294, in an amount sufficient to punish or make an example of Defendants.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Against All Defendants)

69. Plaintiffs incorporate by reference the allegations set forth above and below.

70. Defendants made untrue representations of material fact to Plaintiffs.

71. Defendants also owed Plaintiffs a duty to act in good faith and deal fairly with Plaintiffs once agreeing to perform a loan modification evaluation. Defendants failed to do so.

72. It was foreseeable, if Defendants did not conduct themselves in a legal manner, Plaintiffs would be harmed, including by the loss of the Subject Property. The California Legislature recognized the foreseeability of harm in these processes as evidenced by the number of statutes the California Legislature passed regulating the interaction between lenders, loan servicing companies, and the borrowers in the loan industry, including the recently-enacted California Homeowner Bill of Rights.

73. Defendants made these representations without reasonable grounds for believing them to be true or in a manner their information did not warrant. Defendants made the misrepresentations with the intent to induce Plaintiffs to rely on their statements.

74. Defendants made the misrepresentations discussed above with the intent to induce reliance as misleading Plaintiffs regarding the evaluation of the loan modification would enable Defendants to begin the foreclosure process on Plaintiffs' property without Plaintiffs' protests as Plaintiffs would be relying on Defendants' representations.

75. At the time Defendants made these misrepresentations, Plaintiffs did not know the falsity of the misrepresentations. Had Plaintiffs known the falsity of these misrepresentations, they would not have acted as they did.

76. Instead, Plaintiffs actually and justifiably relied on Defendants' misrepresentations as Plaintiffs had no reason to believe that seemingly reputable institutions such as Defendant WELLS FARGO would lie to them.

77. As a proximate cause of the Defendants' fraudulent conduct as herein alleged, Plaintiffs are now subject to onerous foreclosure proceedings and the loss of their residence. Plaintiffs have suffered, and will continue to suffer, damages the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court. Plaintiffs are entitled to incidental and consequential expenses and damages in an amount to be shown at the time of trial. Plaintiffs have further been forced to retain a law firm to enforce their rights and have incurred and will incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

78. Plaintiffs incorporate by reference the allegations set forth above and below.

79. Defendants owed duties of care to Plaintiffs, including but not limited to complying with Civil Code Sections 2924, 2924.17 and 2924.18.

80. Defendants violated these statutes by engaging in the conduct complained of herein.

81. These statutes were enacted to allow for a proper foreclosure on a deed of trust by the beneficiary or agent for the beneficiary. Plaintiffs' damages result from the violations of these statutes. As such, Plaintiffs are within the class of persons these statutes were enacted to protect.

82. As a proximate cause of the Defendants' fraudulent conduct as herein alleged, Plaintiffs are now subject to onerous foreclosure proceedings and the loss of their residence. Plaintiffs have suffered, and will continue to suffer, damages the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court. Plaintiffs are entitled to incidental and consequential expenses and damages in an amount to be shown at the time of trial.

Plaintiffs have further been forced to retain a law firm to enforce their rights and have incurred and will incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200, et seq.
### (Against All Defendants)

83. Plaintiffs incorporate by reference the allegations set forth above and below.

84. Plaintiffs are informed and believe, and on that basis alleges, that Defendants' acts, as alleged herein, constitute unlawful, unfair and/or fraudulent business practices, as defined by California Business and Professions Code §§17200, *et seq*.

85. Defendant WELLS FARGO engaged in "fraudulent" business practices under the UCL because Defendants' statements, including false representations contained in instruments recorded on title to the Subject Property were intended and likely to mislead Plaintiffs about loss mitigation options for the Subject Loan by misrepresenting the identity of the Subject Loan's beneficiary.

86. Defendants engaged in "unlawful" business practices under the UCL based on the statutory violations complained of herein.

87. Defendants engaged in "unfair" business practices under the UCL because they violated the laws and underlying legislative policies designed to prevent foreclosure, where possible, by requiring mortgage holders to engage in honest foreclosure prevention efforts.

88. Plaintiffs were injured in fact and lost money or property as a result of these unlawful, unfair, and fraudulent business practices.

89. Plaintiffs seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief the Court may deem just and proper.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as

hereinafter set forth.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as set forth below:

    a. For compensatory damages in an amount to be determined by proof at trial;

    b. For special damages in an amount to be determined by proof at trial;

    c. For general damages in an amount to be determined by proof at trial;

    d. For statutory damages in an amount to be determined by proof at trial;

    e. For treble damages in an amount to be determined by proof at trial;

    f. For punitive damages;

    g. For reasonable attorney's fees under the California Homeowner Bill of Rights and under any applicable statute, costs and expenses of litigation, according to proof;

    h. For declaratory and injunctive relief, including a declaration that Plaintiffs are the prevailing party and that Defendants are prevented from engaging in any sale, transfer, conveyance, actions or any conduct adverse to Plaintiffs' interests in the Subject Property;

    i. For judgment setting forth terms of restitution;

    j. For expungement of all foreclosure instruments on title to the Subject Property;

    k. For any prejudgment or other interest according to law;

    l. Any other and further relief that this Court deems equitable and proper.

## JURY DEMAND

Plaintiffs HOSSEINI, JUAREZ, and HERNANDEZ hereby demand trial by jury.

DATED: May 30, 2013                        Respectfully submitted,

                                          SMART & KLUG, LLP

                                          /s/ David L. Smart
                                          David L. Smart
                                          Attorneys for Plaintiffs